## Spratt *v.* Raymond et al., Appellants.

*Arbitration—Voluntary submission—Appeal—Local act of April 6*, 1870.
There is no appeal from the award of a legal arbitrator on a voluntary submission under the local act of April 6, 1870, P. L. 948.

*Waiver of right to ask for dismissal of appeal.*
No appeal being provided for by law, the right to ask for the dismissal of an appeal is not waived by asking for a continuance, cross-examining a witness before a commissioner, or a delay of nine months.

Argued April 26, 1892. Appeal, No. 222, Jan. T., 1892, by defendants, M. M. Raymond et al., from decree of C. P. Erie Co., Sept. T., 1887, No. 58, striking off appeal from award of legal arbitrator. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Rule by plaintiff, Armenia D. Wheeler Spratt, to strike off appeal from award of legal arbitrator.

Ejectment.   The case being at issue, the following rule was entered by the attorneys for defendant and served upon the attorney for the plaintiff :

" And now to-wit: Oct. 28, 1889, agreeably to the act of assembly in such case made and provided, the defendants, by their attorney, enter a rule of reference, and state their determination to have a legal arbitrator chosen on the 14th day of November, 1889, at 11 o'clock in the A. M., of that day, at the office of the prothonotary of said court, for the trial of all matters in variance in the above suit between the parties."

Subsequently the attorney for plaintiff and the attorneys for defendant signed the following :

" Rule to refer.

" And now to-wit: Dec. 9, 1889, E. L. Whittelsey, Esq., chosen legal arbitrator, arbitration to be held Wednesday of the week commencing the third Monday of January, 1890, being the 27th, at 11 A. M."

The arbitrator's award was in favor of the plaintiff.   Defendants appealed and plaintiff took this rule, which the court below made absolute in the following opinion by GUNNISON, P. J. :

" The award of the legal arbitrator was appealed from by the defendant, under the belief, which was undoubtedly common among the profession, that an appeal was authorized by law. Afterwards, it was decided by this court in Farel v. Roberts, No. 57 Nov. T., 1887, that the acts providing for legal arbitrations, so far as this county is concerned, were unconstitutional for the reason that they denied parties a right to a trial by jury, there being no provisions for an appeal from the award.   Where the selection of a legal arbitrator is mutual, such action amounts to a voluntary submission by the parties, and, if not revoked before award is made, is irrevocable.   The rights of the parties thereafter are determined by the common law rule applicable to arbitrations at common law, and not by the statute governing proceedings in compulsory arbitrations.   There is no principle which provides for an appeal to the courts from the award of arbitrators chosen by the parties to whom their differences are voluntarily submitted, not under the provision of the compulsory arbitration act.   Hence, the appeal must be stricken off, unless the plaintiff has waived her right to move to strike it off.

" Counsel for defendants contend that she has waived the right, (1) by appearing and asking for a continuance when the case has been on the trial list; (2) by appearing afterwards before a commissioner and cross-examining a witness, whose depositions were taken to be read at the trial; and (3) by not taking advantage of her right to move to strike off until about nine months after the appeal was taken.

" The authorities cited are, in effect, that, by doing any positive act, or suffering unreasonable delay, by which the opposite party is induced to incur the expense of preparing for trial, the right to ask for the dismissing of an appeal irregularly entered, may be lost; but in all cases cited, the appeals were provided for by law, the irregularity being in the manner or time of taking them.

" In this case the law provides for no appeal to this court, and, in my opinion, no act was done by the plaintiff which can give this court jurisdiction of the appeal; whether by her positive act, such as ruling the defendants to plead, or by going to trial, after the appeal, she would have waived her right to the benefit of the award in her favor, it is not necessary to decide; we simply decide here, that in this case there was nothing done which amounted to such a waiver."

*Error assigned* was the striking off of defendants' appeal.

*T. A. Lamb*, with him *C. G. Olmstead* and *C. L. Covell*, for appellants.—Upon the waiver of the right to strike off an appeal see Wetter v. Kiley, 95 Pa. 461; Clarke v. McAnulty, 3 S. & R. 364; Weidner v. Matthews, 11 Pa. 336; Wilson v. Kelly, 81 Pa. 411; Mayes et al. v. Jacoby, 8 S. & R. 526; Craig v. Barclay, 48 Pa. 202.

In case the court decides that the appeal from the award of the arbitrator shall not stand, upon the ground that the acts of 1870 and 1873 are unconstitutional, should not all the proceedings on the reference be stricken off, without prejudice?

*E. L. Whittelsey*, with him *Wm. A. Galbraith* and *John W. Galbraith*, for appellee.

PER CURIAM, May 23, 1892:

Judgment affirmed.

See Cutler & Hinds v. Richley, Appellant, 151 Pa. 195.